

Signed/Docketed
September 3, 2015

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re ) | |
| ) | Case No. 14-15316 MER |
| ALBERT C. QUINTANA ) | |
| ANITA S. QUINTANA ) | Chapter 13 |
| ) | |
| Debtors. ) | |

## ORDER

This matter comes before the Court on the Motion to Void and Vacate Order Granting Debtors' Objection to Proof of Claim for Deficiency of Service ("Motion") filed by Citifinancial Servicing, LLC ("Citifinancial"), and the Debtors' Response thereto.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) because it involves the allowance or disallowance of claims against the estate.

## BACKGROUND FACTS

On November 28, 2014, the Debtors filed an Objection to Proof of Claim No. 7-1 of Citifinancial (the "Objection").[1] The Objection stated the Debtors disputed the amount of arrears and fees sought in the proof of claim. The certificate of mailing attached to the Objection reflects it was served on the Chapter 13 Trustee, the Debtors, and "Citifinancial Servicing, PO Box 6043, Sioux Falls, SD 57117-6043." This address is the same address as that listed under "Name and address where notices should be sent" on the proof of claim.[2] On January 22, 2015, the Court entered an Order which, *inter alia*, directed the Debtors to file a notice pursuant to Local Bankruptcy Rule 9013-1 regarding the Objection.[3]

On January 28, 2015, the Debtors filed a Notice of Objection to Proof of Claim with respect to the claim of Citifinancial, giving a response deadline of

---

[1] Docket No. 56.

[2] Proof of Claim No. 7-1.

[3] Docket No. 58.

February 27, 2015 ("Notice").[4]  This Notice was mailed to "Citifinancial, PO Box 6043, Sioux Falls, SD 57117-6043," as well as to "Citifinancial, PO Box 70919, Charlotte, NC 28272-0919."[5]  No response was filed, and the Debtors filed a certificate of non-contested matter on March 13, 2015.[6]  On June 2, 2015, following a preliminary hearing, the Court entered its Order on Objection to Proof of Claim 7-1, granting the Objection, striking the arrears claimed on Citifinancial's proof of claim, and directing that Citifinancial is entitled to receive only the arrears provided for in the Debtors' confirmed Chapter 13 Plan.[7]

## DISCUSSION

Citifinancial's Motion asserts the Debtors did not serve the Objection on an officer, managing agent or general agent, or any other agent, as required by FED. R. BANKR. P. 9014 and 7004(b)(3).  In addition, the Motion states service was not made to the proper name of the creditor, being mailed to "Citifinancial," not "Citifinancial Servicing, LLC."  Therefore, Citifinancial alleges it was deprived of an opportunity to file a timely response to the Objection, and the Court's Order of June 2, 2015 should be vacated pursuant to FED. R. CIV. P. 60(b), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

The Debtors' Response contends the Objection was properly served because the Debtors mailed both the Objection and the Notice to the address listed in the proof of claim as the "name and address where notices should be sent."  The Debtors note the Court's notice of the hearing was also sent to that address.  The Debtors therefore argue they correctly relied on the address provided by Citifinancial, and Citifinancial had actual notice.

**A.     The Court Will Consider the Motion Under Rule 3008.**

Citifinancial's Motion incorrectly seeks relief under FED. R. CIV. P. 60(b).  Rather, it is 11 U.S.C. § 502(j)[8] which establishes the process for reconsideration with respect to the allowance or disallowance of claims:

---

[4]  Docket No. 61.

[5]  This latter address was listed in the Proof of Claim in the section entitled "Name and address where payment should be sent (if different from above)."

[6]  Docket No. 62.

[7]  Docket No. 74, Order of June 2, 2015.

[8]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed **according to the equities of the case**.[9]

In turn, FED. R. BANKR. P. 3008 states: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."[10] As Judge Tallman of this Court has explained:

> Congress chose not to limit the circumstances under which a court may reconsider a claim, but used the broad "for cause" language that requires the bankruptcy court to examine the circumstances on a case by case basis to determine if cause exists. *See In re Ross*, 373 B.R. 656, 662 (Bankr. W.D. Mo. 2007). Moreover, § 502(j) directs a court to allow or disallow the reconsidered claim "according to the equities of the case." Again Congress declined to prescribe the particular kinds of modifications a court could make to a claim, but directs a bankruptcy court to use its discretion to examine the equities of the situation that appears before it.[11]

Judge Tallman also declined to adopt a restrictive interpretation of § 502(j) which would limit courts' actions only to reversing their decisions under a Rule 60(b) framework for determining "cause" under § 502(j).[12] Instead, he held: "Where a court reconsiders a claim under § 502(j), that section commands the court to allow or disallow the claim 'according to the equities of the case.'"[13]

---

[9] 11 U.S.C. § 502(j) (emphasis added). *See also* Rule 3007, which applies to objections to claims:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.

[10] Unless otherwise noted, all future references to rules in the text are to the Federal Rules of Bankruptcy Procedure.

[11] *In re Disney*, 386 B.R. 292, 298 (Bankr. D. Colo. 2008) (addressing the issue of whether a debtor may "recharacterize an allowed secured claim post-confirmation following surrender or seizure of the collateral securing the claim, and modify a confirmed [Chapter 13] plan accordingly.").

[12] *Id.* at 299.

[13] *Id.* at 301.

This Court agrees with this flexible standard, and therefore will review Citifinancial's Motion under § 502(j) and Rule 3008, weighing the equities of the case.

### B. Both the Applicable Rules and the Equities of the Case Require Denial of Citifinancial's Motion.

Based on the facts set forth above, and as a matter of apparent first impression in this District, the issue before the Court is whether service on Citifinancial at the precise address designated on its proof of claim constitutes adequate notice of the Objection although it did not specify an officer or agent.

First, the Court finds Citifinancial consented to service at the address it provided in its proof of claim, and knowingly chose not to designate an officer or agent. Specifically, Rule 3001 provides: "A proof of claim shall conform substantially to the appropriate Official Form."[14] Official Form B10, Proof of Claim, contains the following specific instructions:

> Creditor's Name and Address:
> Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rules of Bankruptcy Procedure (FRBP) 2002(g).[15]

> Rule 2002(g)(1)(A) states:

> (1) Notices required to be mailed under Rule 2002 to a creditor, indenture trustee, or equity security holder shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case. For the purposes of this subdivision–

>> (A) a proof of claim filed by a creditor or indenture trustee that designates a mailing address constitutes a filed request to mail notices to that address, unless a notice of no dividend has been given under Rule 2002(e) and a later notice of possible dividend under Rule 3002(c)(5) has not been given. . .[16]

---

[14] FED. R. BANKR. P. 3001(a).

[15] FED. R. BANKR. P. Official Form B10.

[16] FED. R. CIV. P. 2002(g)(1)(A).

As noted by the Bankruptcy Appellate Panel for the Tenth Circuit, "a party 'cannot submit an address to the court as that to which all notices should be sent and then argue that it was not properly served when notices are sent to that address.'"[17] Similarly, the *Karbel* court found the address designated by a creditor for the clerk's standard address list constituted the proper address under Rule 7004(b)(3), and provided the creditor with due process.[18]

For these reasons, the Court finds the Rules support a finding the address designated by Citifinancial in its proof of claim to be the proper address for service. By submitting the address, pursuant to the proof of claim's instructions, without designating an officer or agent, Citifinancial consented to service as the Debtor provided.

Second, the equities of this case do not support the relief requested. Citifinancial cannot reasonably expect to file a proof of claim with a specific address for receipt of notices, which lacks reference to any particular officer, agent, or other representative, and then receive notices other than at that address.[19]

For the above reasons,

IT IS ORDERED the Motion to Void and Vacate Order Granting Debtors' Objection to Proof of Claim for Deficiency of Service is DENIED.

Dated September 3, 2015

BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[17] *In re Karbel*, 220 B.R. 108, 112 (10th Cir. BAP 1998) (quoting *In re Village Craftsman, Inc.*, 160 B.R. 740, 745 (Bankr. D. N.J. 1993)).

[18] *Id.*

[19] Further, the Court finds the omission of "LLC" from the initial objection and the use of "Citifinancial" in the notice to be adequate.